*People ex rel. Schuler* v. *Schatz,* order reversed; *People ex rel. Callen* v. *Schatz,* order affirmed. ·

---

Fourth Appellate Department, April, 1900. Reported. 50 App. Div. 622.

In the Matter of the Petition of GEORGE E. CHASE, Respondent, to Cancel the Liquor Tax Certificate No. 18,745, Granted to THOMAS A. PEREW, Appellant.

THIS is an appeal from an order of the Appellate Division affirming an order of the Supreme Court revoking and cancelling the liquor tax certificate granted to the appellant upon false statements that his hotel complied with the requirements of the Liquor Tax Law.

*William S. Jackson,* attorney for appellant: The court erred in excluding all evidence bearing upon the good faith and intent of defendant, as a defense. (*Matter of Purdy* v. *Driscoll,* 40 App. Div. 133; *Matter of Kessler,* 163 N. Y. 205, 207; *Matter of Johnson,* 18 Misc. 498; *Matter of Tonatio,* 49 App. Div. 84, 88; *Matter of Kinzel,* 28 Misc. 622, 626; *Matter of Bridge,* 36 App. Div. 533.) There was no material statement falsely made as the appellant's premises contained eleven bedrooms, and though a few lacked required space, they complied with the spirit of the law and substantially complied with the letter of the law. (*Matter of Lyman*

v. *Malcom Brewing Co.* 160 N. Y. 96; *In re Lyman* v. *Garrison,* 24 Misc. 552; *Matter of Lyman* v. *Young Men's Cosmopolitan Club,* 28 App. Div. 127; *People* v. *Adelphi Club,* 149 N. Y. 5; *Matter of Hilliard,* 25 App. Div. 222.)   The certificate is property and the person receiving it has the same right to be protected in this property as in any other for which he has paid a valuable consideration and of which he is the owner. (*Matter of Purdy* v. *Driscoll,* supra; *Matter of Lyman* v. *Young Men's Cosmopolitan Club,* supra; *Matter of Kessler,* supra; *Matter of Johnson,* supra; *Matter of Tonatio, supra.*)   The government, state or municipality may be estopped from availing itself of mere technical and formal irregularities when it has received benefits from a party acting in good faith. (*Clark* v. *U. S.,* 95 U. S. 539; *Solomon* v. *U. S.,* 19 Wall. 17; *Moore* v. *Mayor,* 73 N. Y. 238, 245, 247; *Davis* v. *Mayor,* 93 N. Y. 230, 253; *Carberry* v. *People,* 39 Ill. App. 506.) The petition was vitally defective in not alleging that petitioner was a citizen of the State of New York. (*People ex rel. Smaw* v. *McGowan,* 44 App. Div. 30; *Ladenburg* v. *Commercial Bank,* 87 Hun, 209, 271; *Standard* v. *Eytinge,* 33 How. Pr. 262; *Denton* v. *Town of Danbury,* 48 Conn. 368.

*W. B. Simson,* attorney for respondent: The court has the right to grant amendment to petition and especially so where the defendant appears and raises no objection and proceeds to contest the merits and no substantial right of the defendant is lost or affected by the amendment. (Sec. 723, Code of Civil Procedure; *Bibbe* v. *Wetimore,* 31 Hun. 424; *Raney* v. *McRae,* 14 Ga. 589; *Hall* v. *Mobley,* 13 Ga. 318; *Frozzell* v. *Duffer,* 58 Ark. 612.) An exception taken to a ruling of the court must be taken at the time the ruling is made in order to be available. (Sec. 995, Code of Civil Procedure.) The court properly excluded evidence of conversations between the appellant and the officer who issued his certificate as to subsequent alterations of the hotel to make it comply with law and of conversations between appellant and a special agent as to whether the same did comply with the law. They form no part of the contract between the State and the appellant. As the Trial Court says: " The State could not authorize the violation of its law in that way. They are there to enforce the law, not to wink at its violation." The Trial Court properly decided that " it is not necessary to prove any intent to violate the law on the part of

the defendant" to revoke his certificate for making a false statement in procuring the same. The case of Matter of Purdy v. Driscoll, 40 App. Div. 133 goes a good way further than the statute will permit.

Order affirmed with ten dollars costs and disbursements.
All concurred.

--- ---

Fourth Appellate Department, April, 1900. Reported. 50 App. Div. 622.